IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICAH HOFFMAN; ARI HOFFMAN, | Case No. 3:24-cv-00984-SB |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| USAA CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Micah and Ari Hoffman (together, "Plaintiffs") filed this diversity action against Defendant USAA Casualty Insurance Company ("Defendant"), asserting state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence per se. Plaintiffs now moves under Federal Rule of Civil Procedure ("Rule") 15(a) for leave to amend to add a request for punitive damages. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons explained below, the Court grants Plaintiffs' motion for leave to amend.[1]

---

[1] Not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), but magistrate judges have authority to grant motions for leave to amend because such

PAGE 1 – OPINION AND ORDER

## BACKGROUND

"The following factual allegations are taken from [Plaintiffs'] proposed [first] amended complaint and the record[.]"[2] *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 568 (9th Cir. 2019). In evaluating Plaintiffs' motion for "leave to amend, the allegations in the complaint 'are taken as true and construed in the light most favorable' to [Plaintiffs.]" *Id.* (quoting *Gordon v. City of Oakland*, 627 F.3d 1092, 1095 (9th Cir. 2010)); *see also Gordon*, 627 F.3d at 1093, 1095 (reviewing a partial denial of a motion for leave to amend and thus "[a]ll allegations of material fact made in the complaint [were] taken as true and construed in the light most favorable to the plaintiff").

Plaintiffs are Oregon residents who, at all relevant times, owned property located in Portland, Oregon (the "property"). (First Am. Compl. ¶ 2, ECF No. 10-1; Notice Removal ¶¶ 8, 10, ECF No. 1.) Defendant is an insurance company incorporated under the laws of Texas with its principal place of business in that state. (Notice Removal ¶¶ 7, 9, 11; First Am. Compl. ¶¶ 3,

---

a result is considered non-dispositive. *See Lovato v. Delta Hospitality Grp.*, No. 3:22-cv-00264-SB, 2023 WL 1815649, at *5 n.5 (D. Or. Feb. 8, 2023) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).' . . . '[A] magistrate judge's decision to grant a motion to amend is not generally dispositive[.]'" (first quoting *Cazares v. Morris*, No. 09-cv-02168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011); and then quoting *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015))); *see also Bastidas*, 791 F.3d at 1164 ("It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely."); *cf. Gandara v. Newsom*, No. 22-55214, 2023 WL 2207112, at *1 (9th Cir. Feb. 24, 2023) (holding that the "magistrate judge acted within her authority in dismissing [the plaintiff's] complaint with leave to amend," which is a non-dispositive matter); *NMS 1539, LLC v. City of Santa Monica*, No. 2:20-cv-11318, 2022 WL 3575311, at *2 (C.D. Cal. July 26, 2022) (noting that even if the district court granted the motion to dismiss, it was required "liberally" to grant leave to amend under Rule 15(a)(2) and doing so meant that the motion to dismiss "would not be dispositive") (simplified).

[2] Plaintiffs attach their proposed first amended complaint, and a redlined copy highlighting the changes, as Exhibits A and B to their motion. (*See* Pls.' Mot. Leave File First Am. Compl. ("Pls.' Mot.") at 2, ECF No. 10; *id.* Ex. A at 1-7, ECF No. 10-1; *id.* Ex. B. at 1-8, ECF No. 10-2.)

PAGE 2 – OPINION AND ORDER

6, 19; Def.'s Corp. Disclosure Statement at 2, ECF No. 3; Def.'s Answer & Affirmative Defs. ¶ 2, ECF No. 4.)

Plaintiffs insured their property through a homeowner's insurance policy (the "policy") that they obtained from Defendant. (First Am. Compl. ¶¶ 2, 6-7; Def.'s Answer & Affirmative Defs. ¶ 3.) Plaintiffs' policy, which was in effect at all relevant times, provided coverage for, among other things, "accidental physical loss." (First Am. Compl. ¶¶ 7-8; *see also* Def.'s Answer & Affirmative Defs. ¶ 3, stating that Plaintiffs' policy was "effective from August 13, 2023 to August 13, 2024").

On January 13, 2024, Plaintiffs suffered what they deemed to be an "accidental physical loss" at their property and therefore filed a claim with Defendant under the policy.[3] (First Am. Compl. ¶¶ 8-9; *see also* Def.'s Answer & Affirmative Defs. ¶¶ 5-6, noting that Plaintiffs informed Defendant that a "loss occurred at the property on or about January 13, 2024" and "sought coverage and benefits from Defendant under the [p]olicy relating to the [l]oss"). Plaintiffs also provided Defendant with all information and documentation that it requested. (First Am. Compl. ¶ 15.)

Although it did not "investigate the loss" or "adjust the claim," Defendant "refused" to pay Plaintiffs' claim in its entirety and instead "limited the claim." (*Id.* ¶¶ 9-10, 15, 20.) Defendant also delayed its affirmance or denial of coverage under the policy and making any payment on Plaintiffs' claim, attempted to settle Plaintiffs' claim for an unreasonably low amount, and in turn forced Plaintiff to engage in litigation to recover their entire claimed loss. (*Id.* ¶¶ 14, 20.)

///

---

[3] Plaintiffs describe the loss at their property as a "severe" and "catastrophic water loss." (Pls.' Mot. at 2, 8.)

PAGE 3 – OPINION AND ORDER

Plaintiffs originally filed this insurance case against Defendant in Multnomah County Circuit Court on May 22, 2024.[4] (Notice Removal ¶ 1; *see also id.* Ex. 1 at 3-11, attaching the original complaint). Like their proposed first amended complaint, in the initial complaint Plaintiffs asserted claims against Defendant for (1) breach of the policy, (2) breach of the implied covenant of good faith and fair dealing, and (3) negligence per se, which Plaintiffs based on Defendant's alleged violation of Oregon Revised Statutes ("ORS") § 746.230.[5] (Notice Removal Ex. 1 at 2-7; First Am. Compl. ¶¶ 6-24.) Like their proposed first amended complaint, Plaintiffs' initial complaint also referenced their entitlement to punitive damages. (*See* Notice Removal Ex. 1 at 10, providing notice that "Plaintiffs plan[ned] to amend th[eir] complaint to include a claim for punitive damages"; First Am. Compl. ¶ 24, alleging that Plaintiffs are entitled to punitive damages).

///

---

[4] It is important to note at the outset that "Oregon law does not allow the pleading of punitive damages in an initial complaint." *Wardlow v. U-Haul Int'l, Inc.*, 304 F. Supp. 3d 992, 996 (D. Or. 2018) (citing OR. REV. STAT. § 31.725); *see also* OR. REV. STAT. § 31.725(1)-(2) ("A pleading in a civil action may not contain a request for an award of punitive damages except as provided in this section. . . . At the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages.").

[5] As the parties agree and acknowledge (*see* Pls.' Mot. at 6-8; Def.'s Opp'n Pls.' Mot. Leave Amend ("Def.'s Opp'n") at 3-5, ECF No. 11), the Court has diversity jurisdiction over this insurance dispute and thus must apply Oregon substantive law. *See Or. Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1068 (9th Cir. 2023) (exercising diversity jurisdiction and therefore applying Oregon law (citing *Alexander Mfg., Inc. Emp. Stock Ownership Plan & Tr. v. Ill. Union Ins. Co.*, 560 F.3d 984, 986 (9th Cir. 2009))); *Baldin v. Wells Fargo Bank, N.A.*, 704 F. App'x 715, 716 n.1 (9th Cir. 2017) (noting that "the substantive law of the State of Oregon applie[d] to th[e] diversity claim" (citing *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007))). Under Oregon law, "a negligence *per se* claim is not a separate type of negligence claim with its own elements; rather, negligence *per se is* 'simply shorthand for a negligence claim in which the standard of care is expressed by a statute or rule.'" *Moody v. Or. Cmty. Credit Union*, 542 P.3d 24, 32 (Or. 2023) (quoting *Abraham v. T. Henry Constr., Inc.*, 249 P.3d 534, 537 n.5 (Or. 2011)).

PAGE 4 – OPINION AND ORDER

On June 21, 2024, Defendant timely removed Plaintiffs' complaint to federal district court based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction); *id.* § 1441(a) (general removal statute); *id.* § 1446(a) (setting a thirty-day deadline to remove a case to federal court). Defendant filed its answer on June 27, 2024. (Def.'s Answer & Affirmative Defs. at 7.)

On August 27, 2024, the Court held a Rule 16 conference and issued a scheduling order establishing, among other things, a March 14, 2025 deadline to seek leave to amend pleadings or add additional parties or claims, and a July 18, 2025 deadline to complete discovery. (ECF No. 8.) On March 11, 2025, consistent with the representation that they made in their initial complaint, Plaintiffs timely filed a motion for leave to amend to add a request for punitive damages. (Pls.' Mot. at 9.) Plaintiffs filed a reply in support of their motion for leave to amend on April 24, 2025, and the Court issued an order taking Plaintiffs' motion under advisement on that same date. (*See* ECF No. 16; Pls.' Reply Supp. Pls.' Mot. Leave Amend ("Pls.' Reply") at 12, ECF No. 15.)

## DISCUSSION

Plaintiffs move for leave to amend their complaint to add a request for punitive damages. (Pls.' Mot. at 2.) Defendant cite four factors in support of its opposition to Plaintiffs' motion for leave to amend: (1) futility, (2) prejudice, (3) undue delay, and (4) bad faith. (Def.'s Opp'n at 3-7.)

**I.    APPLICABLE LAW**

Where a party cannot amend its pleading as a "matter of course" under Rule 15(a)(1), it "may amend its pleading only with the opposing party's written consent or the court's leave."[6]

---

[6] As discussed above, Plaintiffs timely filed their motion within the time specified in the Court's case management order. (*See* ECF No. 8, setting a March 14, 2025 deadline to amend

PAGE 5 – OPINION AND ORDER

FED. R. CIV. P. 15(a)(2). "[Rule] 15(a)(2) provides that the district court should 'freely give leave when justice so requires.'" *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021) (quoting FED. R. CIV. P. 15(a)(2)). The Ninth Circuit has "previously 'stated that this policy is to be applied with extreme liberality.'" *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also Brown v. Stores Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) ("Requests for leave to amend should be granted with 'extreme liberality.'" (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009))); *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("The standard for granting leave to amend is generous." (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990))).

The Supreme Court has identified several factors that "a district court should consider in deciding whether to grant leave to amend[.]" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically, the Supreme Court in *Foman* explained that a district "[c]ourt[] may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or

---

pleadings or add additional parties or claims; Pls.' Mot. at 2, 4, 9, seeking leave to amend on March 11, 2025, and stating that Plaintiffs' motion is "timely and within the court-ordered deadline" of March 14, 2025; *see also* ECF No. 20, reflecting that the Court later granted the parties' motion to extend the deadline to amend pleadings or add parties or claims to September 10, 2025). Thus, the parties agree that the Court should apply Rule 15(a) in evaluating Plaintiffs' motion for leave to amend, not Rule 16(b)'s "good cause" standard. (*See* Pls.' Mot. at 2-3 & Def.'s Opp'n at 3, relying on the Rule 15(a) standard); *cf. Dhillon v. Princess Cruise Lines, Ltd.*, No. 22-55215, 2023 WL 5696529, at *2 (9th Cir. Sept. 5, 2023) (holding that the district court committed an "error of law" when it evaluated a motion for leave to amend under Rule 16's "good cause" standard because its "scheduling order did not contain a deadline for amending the pleadings" and as a result, it "should have applied . . . [Rule] 15(a)" to the motion for leave amend).

PAGE 6 – OPINION AND ORDER

futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (brackets omitted) (quoting *Foman*, 371 U.S. at 182); *Brown*, 953 F.3d at 574 (identifying the same inquiry (citing *Foman*, 371 U.S. at 182)); *Corinthian Colls.*, 655 F.3d at 995 (doing the same (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004))); *see also Herring Networks, Inc.*, 8 F.4th at 1161 (noting that "[i]n determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility" (quoting *Owens*, 244 F.3d at 712)).

## II.     ANALYSIS

The Court finds that the *Foman* factors weigh in Plaintiffs' favor, and therefore exercises its discretion to grant Plaintiffs' Rule 15(a) motion for leave to amend to add a punitive damages request. *See Sonoma*, 708 F.3d at 1117 (explaining that "[c]ourts may decline to grant leave to amend only if there is strong evidence" of the relevant *Foman* factors); *Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) (reiterating that circuit precedent requires Rule 15(a)'s "policy . . . to be applied with extreme liberality" (quoting *Owens*, 244 F.3d at 712)).

### A.     Previous Amendments

Plaintiffs have not previously amended their complaint or failed to cure any previously identified deficiencies. Accordingly, this *Foman* factor favors granting Plaintiffs' motion for leave to amend.

### B.     Bad Faith or Dilatory Motive

Defendant argues that Plaintiffs' punitive damages request is "strategically motivated and made in bad faith." (Def.'s Opp'n at 7) (simplified). The Court finds that Defendant's argument lacks merit.

///

Defendant argues that Plaintiffs had "ample opportunity to assert" their punitive damages request "when they initially filed their [c]omplaint," yet they "waited until March 2025—well after Defendant has invested significant time and resources into discovery and litigation." (*Id.*) Notably, however, Defendant fails to address that Plaintiffs could not plead a punitive damages request in their initial complaint because they filed this lawsuit in state court. *See Wardlow*, 304 F. Supp. 3d at 996 ("Oregon law does not allow the pleading of punitive damages in an initial complaint.") (simplified); OR. REV. STAT. § 31.725(1)-(2) ("A pleading in a civil action may not contain a request for an award of punitive damages except as provided in this section. . . . At the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages.").

Defendant also fails to address that Plaintiffs' initial complaint provided advanced notice that Plaintiffs planned to seek leave to amend to add a punitive damages request, and that Plaintiffs' proposed request is based on the same allegations and theories that Plaintiffs presented in their initial complaint and the parties have been addressing during discovery, which remains open. (*See* Notice Removal Ex. 1 at 10, providing notice that "Plaintiffs plan[ned] to amend th[eir] complaint to include a claim for punitive damages"; Pls.' Reply at 11, confirming that Plaintiffs' proposed amendment is based on "all of the same, and only the same, causes of action and substantive allegations as the initial complaint, and differs from the initial complaint only in that it adds a prayer for a new category of damages arising out of the same conduct originally alleged"; *but cf.* Def.'s Opp'n at 6, stating (incorrectly) that Plaintiffs' "punitive damages claim introduces an entirely new theory of liability . . . that fundamentally changes the scope of litigation").

In short, Defendant presents no evidence of bad faith on Plaintiffs' part. Thus, the Court concludes that the *Foman* bad faith factor does not support denying Plaintiffs' motion for leave to amend.

### C.    Prejudice and Undue Delay

Defendant argues that Plaintiffs "unduly delayed seeking amendment despite knowing the relevant facts from the outset of litigation" and that "[u]ndue delay is a well-established basis for denying leave to amend, particularly when it results in prejudice to the opposing party." (Def.'s Opp'n at 5-6) (simplified). Defendant, however, presents no evidence of prejudice or undue delay.

"Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Brown*, 953 F.3d at 574 (citing *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Eminence Cap., LLC*, 316 F.3d at 1052 (noting that "[p]rejudice is the touchstone of the inquiry under [R]ule 15(a)" and the "party opposing amendment bears the burden of showing prejudice") (simplified). In fact, the Ninth Circuit has "previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

There is no evidence of prejudice or undue delay here. In *Sonoma*, the Ninth Circuit held that the district court erred in denying the plaintiff leave to amend and dismissing the plaintiff's complaint with prejudice. 708 F.3d at 1112-13, 1117. The Ninth Circuit noted that "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , or futility of amendment[.]'" *Id.* at 1117 (brackets omitted) (quoting *Foman*,

PAGE 9 – OPINION AND ORDER

371 U.S. at 182). In explaining that the *Foman* factors did not weigh against granting leave to amend, the Ninth Circuit also observed that the defendant "would not be prejudiced, because it should [have] be[en] 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain[ed] the same." *Id.* at 1118 (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981)). Furthermore, the Ninth Circuit observed that "[a]lthough th[e] litigation ha[d] been ongoing for several years, '[t]he mere fact that an amendment is offered late in the case . . . is not enough to bar it.'" *Id.* (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981))).

The Court finds that the *Foman* factors of prejudice and undue delay do not weigh against granting Plaintiffs' motion for leave to amend to add a punitive damages request. Although Plaintiffs requested leave to amend their initial complaint ten months after filing this lawsuit, Plaintiffs did so before the parties' agreed-upon deadline to amend pleadings or add additional parties or claims and four months before the parties' initial discovery deadline of July 18, 2025. Plaintiffs' initial complaint also notified Defendant that Plaintiffs planned to amend their complaint to add a request for punitive damages, and Plaintiffs base their proposed request on the same theories and factual allegations set forth in their initial complaint. Given that Plaintiffs' theories and operative factual allegations remain the same, Defendant will not suffer any prejudice as a result of Plaintiffs' addition of a punitive damages request because Defendant "should be fully prepared to litigate the substantive issues[.]" *Sonoma*, 708 F.3d at 1118 (simplified).

Defendant also asserts that it "already expended considerable time and resources in . . . motion practice based on the claims [that Plaintiffs] initially asserted" and that it received

"no prior notice of . . . and does not have time to defend against" Plaintiffs' punitive damages request "before the close of discovery." (Def.'s Opp'n at 6-7.) The record does not support these statements. Plaintiffs' motion for leave to amend is the first motion that either party has filed in this litigation, and Defendant opposed Plaintiffs' motion four months prior to the initial discovery deadline of July 18, 2025. Defendant also filed an answer and affirmative defenses on June 27, 2024, denying the allegations in paragraph twenty-one of Plaintiffs' initial complaint. (*See* Def.'s Answer & Affirmative Defs. ¶ 21, "Answering the allegations of paragraph [twenty-one], this answering Defendant denies the allegations."). Presumably, then, Defendant received notice on or before June 27, 2024 that Plaintiffs "plan[ned] to amend th[eir] [initial] complaint to include a claim for punitive damages." (*See* Notice Removal Ex. 1 at 10, providing this notice in paragraph twenty-one).

For these reasons, the Court concludes that the *Foman* factors of prejudice and undue delay do not weigh against granting Plaintiffs' motion for leave to amend to add a request for punitive damages. *See Eminence Cap., LLC*, 316 F.3d at 1052 (noting that "[p]rejudice is the touchstone of the inquiry under [R]ule 15(a)" and the "party opposing amendment bears the burden of showing prejudice") (simplified); *Brown*, 953 F.3d at 574 ("Of the *Foman* factors, prejudice to the opposing party carries the most weight." (citing *Eminence Cap., LLC*, 316 F.3d at 1052)).

### D. Futility

Considering that there is no evidence of previous amendments, bad faith, prejudice, or undue delay, Plaintiffs' motion for leave to amend turns on whether amendment would be futile. *See Corinthian Colls.*, 655 F.3d at 995 ("Here, there is no evidence of delay, prejudice, bad faith, or previous amendments. Therefore, leave to amend turns on whether amendment would be futile.").

PAGE 11 – OPINION AND ORDER

"The 'general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would . . . be subject to dismissal.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). Consequently, "[f]utility alone can justify a [district] court's refusal to grant leave to amend." *Id.* (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (holding that "leave to amend would be futile because the plaintiffs [could not] state a plausible basis for relief"); *Novak*, 795 F.3d at 1020 (concluding that "amendment would be an exercise in futility because . . . [the plaintiffs] fail[ed] to state a claim").

Defendant argues that amendment is futile because Plaintiffs' allegations do not support a punitive damages award. (Def.'s Opp'n at 3-5.) Defendant's argument is based largely on the "evidence" that a plaintiff must present to *prove* that they are entitled to an award of punitive damages, not any pleading standard. (*See id.*, failing to cite any pleading standard or case dismissing a punitive damages request at the pleading stage and referring repeatedly to the "evidence" that courts require). Defendant also argues that Plaintiffs fail to plead "any factual allegations supporting tortious conduct," the "sole basis for th[is] dispute is Plaintiffs' disagreement with Defendant's assessment of reasonable repair costs, which is a contractual disagreement," and contractual disagreements would not support an award of punitive damages. (*Id.*)

Defendant fails to address many of the allegations that Plaintiffs advance in support of their claim that Defendant violated ORS § 746.230(1) by engaging in unfair claim settlement practices. (*See* First Am. Compl. ¶¶ 19-24; Notice Removal Ex. 1 at 7-10.) As relevant here,

PAGE 12 – OPINION AND ORDER

ORS § 746.230(1) prohibits insurers from engaging in the following unfair claim settlement practices:

> (d) Refusing to pay claims without conducting a reasonable investigation based on all available information;
>
> (e) Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted;
>
> (f) Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;
>
> (g) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants; [and]
>
> (h) Attempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application[.]

OR. REV. STAT. § 746.230(1)(d)-(h).

Relatedly, Plaintiffs allege that Defendant did not "investigate the loss" or "adjust the[ir] claim," and that Defendant "refused" to pay Plaintiffs' claim in its entirety and instead "limited the[ir] claim." (First Am. Compl. ¶¶ 9-10, 15, 20.) Plaintiffs also allege that Defendant delayed its affirmance or denial of coverage under the policy and making any payment on Plaintiffs' claim, attempted to settle Plaintiffs' claim for an unreasonably low amount, and forced Plaintiff to engage in litigation in order to recover their entire claimed loss. (*Id.* ¶¶ 14, 20.) Plaintiffs further allege that they suffered $300,000 in damages based on Defendant's breach of the policy. (*Id.* ¶ 11.)

It is significant that Defendant fails to address ORS § 746.230(1) and specific allegations that Plaintiffs advance in support of their claim that Defendant violated this statute by engaging in unfair claim settlements practices. It is also significant that Defendant fails adequately to address that "ORS 746.230 proscribes . . . conduct that is independent of [an insurer's] obligation

PAGE 13 – OPINION AND ORDER

to pay benefits due under [an] insurance policy." *Moody*, 542 P.3d at 41. "For example, ORS 746.230 prohibits insurers from . . . failing to affirm . . . coverage of claims within a reasonable time, . . . and compelling claimants to initiate litigation to recover amounts due[.]" *Id.* (simplified). These "prohibitions suggest that the harm that the [Oregon] legislature sought to prevent was not limited to the financial harm that occurs when insurance benefits are not paid." *Id.*

Additionally, futility of amendment does not turn on the evidence that Plaintiffs must present to prove that they are entitled to punitive damages, and contrary to Defendant's arguments, this dispute is more than an "ordinary claim dispute" and the "sole basis for the dispute" is not simply "Plaintiffs' disagreement with Defendant's assessment of reasonable repair costs, [i.e.,] . . . a contractual disagreement." (Def.'s Opp'n at 3-5.) Accordingly, the Court concludes that Defendant has failed to demonstrate that granting Plaintiffs leave to amend would be futile.

In sum, futility of amendment does not weigh against granting Plaintiffs' motion for leave to amend.

### E. Conclusion

For all of these reasons, the Court exercises its discretion to grant Plaintiffs' motion for leave to amend. *See Eminence Cap., LLC*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."); *Herring Networks, Inc.*, 8 F.4th at 1160 (noting that the Ninth Circuit has stated that Rule 15's "policy is to be applied with extreme liberality") (simplified).

///

///

PAGE 14 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiffs' motion for leave to amend to add a punitive damages request (ECF No. 10). Plaintiff shall file their first amended complaint by July 11, 2025.

**IT IS SO ORDERED.**

DATED this 9th day of July, 2025.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge